Andre ANDREWS, Plaintiff-Appellant,

v.

Oscar DOMINGUEZ, Individual And A Police Officer Of The Long Beach Police Department, Official Capacity; et al., Defendants-Appellees.

No. 14-56688

United States Court of Appeals, Ninth Circuit.

Submitted October 25, 2016 *

Filed November 04, 2016

Andre Andrews, Pro Se

Theodore B. Zinger, Esquire, Litigation Counsel, Long Beach City Attorney's Office, Long Beach, CA, for Defendants–Appellees

Before: LEAVY, SILVERMAN, and GRABER, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R. App. P. 34(a)(2).

## MEMORANDUM [**]

Andre Andrews appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging an unlawful seizure in violation of the Fourth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gallegos v. City of Los Angeles*, 308 F.3d 987, 990 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment because Andrews failed to raise a genuine dispute of material fact as to whether his encounter with defendant Dominguez rose to the level of a seizure for purposes of the Fourth Amendment. *See United States v. Washington*, 490 F.3d 765, 770 (9th Cir. 2007) (concluding that no seizure occurred when officer parked behind an individual in a parked car without lights or sirens; approached the car on foot; did not draw or touch a weapon; and engaged in brief, cordial, and courteous questioning); *see also Florida v. Bostick*, 501 U.S. 429, 434–35, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (officers can question individuals, ask for identification, and request consent to search luggage even without basis for suspecting a particular individual).

Andrews' argument that the district court did not view the evidence in the light most favorable to him is unpersuasive.

**AFFIRMED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).